UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATE OF AMERICA,

    Plaintiff,

vs.                                                                                    Cr. No. 17-CR-82-MV

JASON BUTNER,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss Indictment with Prejudice for Violations of Sixth Amendment Speedy Trial Right and the Speedy Trial Act. Doc. 21. The government timely filed a Response on October 15, 2018 [Doc. 24], and the defense replied on October 29, 2018 [Doc. 26]. The Court, having considered the motion, briefs, relevant law, and being otherwise fully informed, finds that the motion is well-taken and will be **GRANTED**.

### BACKGROUND

On July 9, 2016, Jason Butner ("Defendant") was arrested by state authorities on a warrant for a parole violation and booked in the Metropolitan Detention Center (MDC). Doc. 21 at 1. On July 29, 2016, he was released from MDC to the New Mexico Corrections Department (NMCD) on a parole retake. Doc. 21 at 1, Def. Ex. A at 2. On January 12, 2017, the United States indicted Mr. Butner on one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. sections 922(g)(1) and 924(a)(2). Doc. 2.

Mr. Butner was in the custody of NMCD at the time of the federal indictment and remained in NMCD custody until January 11, 2018. Doc. 21 at 2, Def. Ex. B. When released, a detainer and warrants check showed no pending charges. Doc. 21 at 2, Def. Ex. C.

On February 17, 2018, Defendant was arrested by state authorities on new state charges. Defendant was held without bond at MDC. Doc. 21 at 2, Def. Ex. D.

On June 29, 2018, a writ was issued for his transfer to federal custody. Doc. 7. Two weeks later, on July 10, 2018, the federal indictment was unsealed and Mr. Butner was arrested by federal authorities. Doc. 21 at 2. He was arraigned on the federal charges on July 12, 2018. Doc. 12.

## DISCUSION

Defendant argues that dismissal is warranted because the government violated the Speedy Trial Act and the Sixth Amendment. Doc. 21. The government denies these allegations. Doc. 24. Because the Court finds a violation of Defendant's Sixth Amendment right to a speedy trial, it need not address Defendant's argument that the government violated the Speedy Trial Act.

### I. Sixth Amendment Speedy Trial

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial." U.S. CONST. amend. VI. The remedy for a speedy trial violation is dismissal of the case. *United States v. Margheim*, 770 F.3d 1312, 1325 (10th Cir. 2014). In *Barker v. Wingo*, the Supreme Court identified four factors that courts must assess in determining whether the right to a speedy trial has been violated. 407 U.S. 514 (1972). These factors are (1) the length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant. *Id.* at 530. "No one factor is necessary or sufficient to conclude a violation has occurred." *United States v. Toombs*, 574 F.3d 1262, 1274 (10th Cir.

2009). Instead, the court must consider all of the factors together "along with other relevant circumstances." *Id.*

   a. <u>Length of Delay</u>

The first factor of the *Barker* balancing test is the length of delay. 407 U.S. at 530. "The length of delay is a threshold factor. Only if the delay is presumptively prejudicial need we inquire into the remaining *Barker* factors." *United States v. Gomez*, 67 F.3d 1515, 1521 (10th Cir. 1995) (citing *United States v. Dirden*, 38 F.3d 1131, 1137 (10th Cir. 1994)). The Tenth Circuit has recognized that "[d]elays approaching one year generally satisfy the requirement of presumptive prejudice." *United States v. Batie*, 433 F.3d 1287, 1290 (10th Cir. 2006) (citing *Doggett v. United States*, 505 U.S. 647, 652 n.2 (1992)).

The speedy trial right attaches at the earlier of either arrest or indictment, and the length of delay is measured from that point. *Batie*, 433 F.3d at 1290. Mr. Butner was indicted on January 12, 2017, for an incident occurring on July 9, 2016, and he was not arraigned until July 12, 2018. Docs. 2, 12. This eighteen-month delay is presumptively prejudicial. Accordingly, the court must then consider "the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." *Doggett*, 505 U.S. at 652. This is because the "inquiry is necessarily dependent upon the peculiar circumstances of the case." *Barker*, 407 U.S. at 530–31. For example, "the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge." *Id.* Additionally, the presumption of prejudice intensifies over time. *Doggett*, 505 U.S. at 652.

Mr. Butner is charged in a one-count Indictment with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Doc. 2. Based on

the relative simplicity of this charge and the eighteen-month delay between indictment and arraignment, the length of delay factor weighs in Mr. Butner's favor.

   b. Reason for Delay

The second *Barker* factor is the reason for the delay. 407 U.S. at 530. In conducting its analysis, the Court must assess the "degree to which the government caused the delay." *Batie*, 433 F.3d at 1291. The government's motive in causing the delay is particularly relevant to this factor. *Id.* A delay that was deliberately caused in an attempt to gain a strategic advantage weighs heavily against the government. On the other hand, delays due to negligence or crowded court dockets weigh less heavily against the government. *Id.*; *see also United States v. Seltzer*, 595 F.3d 1170, 1178–79 (10th Cir. 2010).

"Delays attributable to the defendant do not weigh against the government." *United States v. Abdush-Shakur*, 465 F.3d 458, 465 (10th Cir. 2006). For example, the government will not be held accountable for delays resulting from continuances or motions filed by the defendant. *See, e.g.*, *Batie*, 433 F.3d at 1291 ("[C]ontinuances and other motions filed by the defendant do not weigh against the government."); *United States v. Banks*, 761 F.3d 1163, 1183 (10th Cir. 2014) (finding the defendants caused the delay where they filed "multiple continuances with the district court and argued that they would be prejudiced if the court refused to grant them"); *United States v. Larson*, 627 F.3d 1198, 1209–10 (10th Cir. 2010) (finding the defendant caused the delay where he requested six continuances).

While the government concedes that the delay in this case exceeds one year, it argues that the Task Force Officer (TFO) assigned to this case made an honest mistake, and the "TFO admits that he did not understand the procedure for notifying a defendant in state custody of a pending federal indictment." Doc. 24 at 5. The government argues that the agent's ignorance of the

procedures to notify a defendant in such circumstances "constitutes a neutral reason pursuant to *Seltzer*." Doc. 24 at 9. Thus, the government asserts, this factor should "weigh less heavily against the government." *Id.* Because there is no evidence that the government deliberately attempted to impede the defense, the TFO's failure to notify Mr. Butner about his pending federal indictment is a neutral reason for delay and weighs less heavily against the government than would an intentional delay. Nevertheless, the reason for the delay must be "considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." *See Seltzer*, 595 F.3d at 1177; *see also United States v. Gould*, 672 F.3d 930, 937 (10th Cir. 2012).

    c. <u>Assertion of Right</u>

The third *Barker* factor asks whether the defendant asserted his right to a speedy trial. 407 U.S. at 529. The Tenth Circuit has placed strong weight on this factor. *Id.* at 1328. Defendant's obligation "is not satisfied merely by moving to dismiss after the delay has already occurred." *Batie*, 433 F.3d at 1291. "The question, instead, is whether the defendant's behavior during the course of litigation evinces a desire to go to trial with dispatch." *Id.* "While a defendant who fails to demand a speedy trial does not inherently waive that right, [the Tenth Circuit has] emphasize[d] that failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." *Gould*, 672 F.3d at 938. "Thus, if the defendant fails to demand a speedy trial, moves for many continuances, or otherwise indicates that he is not pursuing a swift resolution of his case, this factor weighs heavily against the defendant." *Id.*

"The third Barker factor weighs against a defendant who weakly asserts his speedy-trial right long after he could have, but the factor weighs in favor of a defendant who early, frequently, and forcefully asserts his right." *United States v. Black*, 830 F.3d 1099, 1120 (10th Cir. 2016). In

*Black*, the defendant first asserted his speedy-trial right 16 months into the 23-month delay timeline. *Id.* at 1121. The Tenth Circuit held that an assertion this late into the timeline weighed against the defendant's speedy trial claim. *Id.* Similarly, in *Margheim*, the Tenth Circuit was particularly concerned with "how late [the defendant's] motion to dismiss the indictment appear[ed] on the pretrial timeline." 770 F.3d at 1328. The court found that this factor weighed against the defendant because his motion to dismiss was not filed until 19 months into the 23-month pretrial timeline. *Id.*

Although, as in *Black* and *Margheim*, Mr. Butner did not file the instant motion until over a year after he was indicted, unlike in those cases, the government did not inform Mr. Butner of these charges for a year and a half. Mr. Butner was indicted on January 12, 2017, but was not informed of the indictment until July 10, 2018, when the indictment was unsealed and he was arrested. Mr. Butner filed the instant motion on September 21, 2018, just over two months after he learned of the charges. This brief gap between discovery of the charges and filing a motion to dismiss is not the type of lengthy gap contemplated in *Black* and *Margheim*. *See, e.g.*, *Seltzer*, 595 F.3d 1170 (finding a Sixth Amendment violation where the defendant waited six months to first assert his speedy trial right).

The amount of time that it takes a defendant to assert his speedy trial right does not end the analysis, however. The third *Barker* factor will weigh against a defendant who "moves for many continuances, or otherwise indicates that he is not pursuing a swift resolution of his case." *Gould*, 672 F.3d at 938. Over the course of the two-month and 11-day period after Mr. Butner learned of the charges, he filed one motion to continue. This single continuance does not demonstrate a lack of desire for a swift resolution of his case. Rather, as defense explained, the continuance was

necessary to obtain discovery, conduct an investigation, and determine Mr. Butner's whereabouts since July 2016. Doc. 21 at 10.

In *Toombs*, for instance, the defendant requested seven continuances over the course of 17 months before finally asserting his speedy trial right. 574 F.3d at 1274–75. Under those facts, the Tenth Circuit found that the third factor weighed heavily against him. *Id.* at 1274. In *Batie*, the defendant's first trial ended in a mistrial. He moved to dismiss the indictment on the basis of double jeopardy and, after that motion was denied, requested two continuances before ultimately filing a second motion to dismiss on speedy trial grounds. 433 F.3d at 1289–90. The Tenth Circuit noted that those continuances occupied nearly half of the delay of which Mr. Batie complained. *Id.* at 1292–93.

Mr. Butner's single request for a continuance was not an attempt to avoid trial altogether, nor is there any evidence that Mr. Butner "was interested in other time-consuming strategies for a significant portion of the delay period." *Margheim*, 770 F.3d at 1329. Unlike *Toombs*, where the defendant requested seven continuances, Mr. Butner only requested one. 574 F.3d at 1274. Additionally, while the defendant in *Batie* only requested two continuances, he asserted his speedy trial right after his earlier motion to dismiss was unsuccessful. 433 F.3d at 1289–90. Unlike in *Batie*, Mr. Butner did not file any other substantive dispositive motions prior to his motion to dismiss on speedy trial grounds. This supports the conclusion that Mr. Butner's primary goal was to pursue a "swift resolution of his case." *Gould*, 672 F.3d at 938.

The single continuance is particularly excusable given the facts of this case. While Mr. Butner's interest in obtaining a speedy trial had been accruing over the course of a year and a half, his defense counsel was not appointed until shortly after Mr. Butner's arrest in July 2018. The first and only motion to continue was filed just over a month after his arraignment and issuance of

the discovery order. Doc. 14. Typically, defense counsel is retained shortly after a defendant is indicted, and a speedy trial motion would not be contemplated just over two months later. In this case, however, because defense counsel was appointed so late in the pretrial timeline, he was placed in the unusual situation of having to simultaneously apprise himself of the facts of the case while pursuing a speedy trial motion far earlier than is typical.

In sum, Mr. Butner asserted his Sixth Amendment right just over two months after learning of the charges against him. During that time, he requested a single continuance, which is excusable considering that defense counsel was appointed more than a year and a half after Mr. Butner was indicted. Accordingly, this factor weights in Mr. Butner's favor.

    d. Prejudice

The fourth *Barker* factor is prejudice. *Barker*, 407 U.S. at 529. "The individual claiming the Sixth Amendment violation has the burden of showing prejudice." *Toombs*, 574 F.3d at 1275. Prejudice is assessed "in light of the interest that the speedy trial right was designed to protect." *Seltzer*, 595 F.3d at 1179. These interests include: "(i) the prevention of oppressive pretrial incarceration; (ii) the minimization of anxiety and concern of the accused; and (iii) minimization of the possibility that the defense will be impaired." *Id.* at 1179–80 (citing *Barker*, 407 U.S. at 532). "The most important of these interests is the impairment or hindrance of the defense." *Toombs*, 574 F.3d at 1275. "Because the seriousness of a post-accusation delay worsens when the wait is accompanied by pretrial incarceration, oppressive pretrial incarceration is the second most important factor." *Jackson v. Ray*, 390 F.3d 1254, 1264 (10th Cir. 2004).

In *Seltzer*, the defendant was indicted on federal charges while he was serving a sentence on unrelated drug charges. 595 F.3d at 1174. The government decided not to proceed with Mr. Seltzer's case until after his state proceedings on the unrelated charges were completed. *Id.* The

resulting delay was approximately two years. *Id* at 1176. The Tenth Circuit held that the defendant was prejudiced in three ways: (1) the delay added to the defendant's pretrial incarceration; (2) the defendant was denied access to the assistance of counsel for over six months; and (3) the defendant was "deprived . . . of a chance to invoke his statutory rights under the Speedy Trial Act at an earlier date." *Id.* at 1180.

Of the three examples of prejudice found in *Seltzer*, the latter two are present in the instant case. Defendant was denied assistance of counsel for more than a year and a half. As a result, Defendant was deprived of the opportunity to invoke his rights under the Speedy Trial Act and the Interstate Agreement on Detainers, both of which contain notice provisions that allow a defendant to demand a speedy trial. *See* 18 U.S.C. App. 2 § 2 art. III(a); 18 U.S.C. § 3161(j). Additionally, because Defendant was neither represented by counsel nor notified of the indictment prior to his arrest in July 2018, Defendant was precluded from invoking his rights under either of these statutes. Under *Seltzer*, these deprivations are sufficient to constitute prejudice. 595 F.3d at 1181.[1]

Thus, this factor weighs in favor of Mr. Butner.

e. <u>Balancing</u>

Each of the four *Barker* factors weighs in favor of Mr. Butner. First, the eighteen-month delay in this case is presumptively prejudicial, and is especially concerning given the relative simplicity of the charges against Mr. Butner. Second, while not intentionally, the TFO caused the delay. Third, Mr. Butner was indicted in January 2017, but the government failed to inform Mr.

---

[1] The first factor, additional pretrial incarceration, is too speculative to warrant the Court giving it much weight. Defendant argues that he has been prejudiced by the delay because he has been prevented from receiving a sentence in the instant case concurrent to his state charges. The Tenth Circuit has made clear, however, that the mere possibility of a concurrent sentence is too speculative to constitute prejudice. *See United States v. Madden*, 682 F.3d 920, 929 (10th Cir. 2012). A defendant does not have a right to serve his sentences concurrently. *Metoyer v. Scott*, 70 F. App'x 524, 531 (10th Cir. 2003). The Tenth Circuit "require[s] a showing of actual prejudice; the mere 'possibility of prejudice is not sufficient to support [the] position that . . . the speedy trial rights were violated." *United States v. Vaughan*, 643 F. App'x 726, 732 (10th Cir. 2016) (quoting *United States v. Loud Hawk*, 474 U.S. 302, 315 (1986)).

Butner of these charges until July 2018. Mr. Butner asserted his Sixth Amendment right just over two months after learning of these charges. While he did request one continuance, it does not reflect a desire to avoid trial or attempt to pursue other strategic avenues. Fourth, Mr. Butner was prejudiced by the eighteen-month deprivation of counsel, which ultimately precluded him from exercising his rights under the Speedy Trial Act.

## CONCLUSION

Based on the foregoing analysis, the Court finds that Defendant Jason Butner has demonstrated a violation of his Sixth Amendment right to a speedy trial. The remedy for a speedy trial violation is dismissal of the case. *Margheim*, 770 F.3d at 1325. Accordingly, Indictment No. 17CR-0082-MV, charging Mr. Butner with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 992(g)(1) and 924(a)(2) must be dismissed with prejudice.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss is GRANTED and the Indictment filed in this matter on January 12, 2017, is hereby DISMISSED with prejudice.

DATED this 9th day of November, 2018.

_____
MARTHA VÁZQUEZ
United States District Judge

| | |
|---|---|
| Mallory Gagan | Presiliano A. Torrez |
| Attorney at Law | United States Attorney's Office |
| *Attorney for Defendant* | *Attorney for Plaintiff* |